UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-60086-CR-RUIZ/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHESTON KONTRAS PHILPOT,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court on the Amended Motion for Reconsideration of Pretrial Detention Order (DE# 32, 1/4/21). This matter was referred to the undersigned by the Honorable Rodolfo A. Ruiz, II, United States District Judge. See Paperless Order Referring [Motion] (DE# 34, 1/4/21). Having reviewed the applicable filings and the law, the undersigned respectfully RECOMMENDS that the Amended Motion for Reconsideration of Pretrial Detention Order (DE# 32, 1/4/21) be **DENIED** for the reasons stated herein.

## BACKGROUND

On May 1, 2020, the undersigned held a pretrial detention hearing and issued an Order of Detention (DE# 7, 5/1/20) finding that the defendant was a danger to the community. The undersigned noted that the government had proffered that law enforcement officers observed the defendant in a crowded casino carrying a backpack which contained two loaded firearms. Id. at ¶ 2. At the conclusion of the pretrial

detention hearing, the undersigned determined that:

> [t]he pertinent history and characteristics of the defendant support[ed] pretrial detention. The defendant ha[d] an extensive criminal record including arrests for multiple firearm offenses including possession of a sawed-off shotgun at the age of 17, theft of leased or rented property, marijuana possession, criminal attempt to commit an armed robbery and theft. The defendant ha[d] multiple probation violations and was on parole when he was arrested in the instant case. The defendant ha[d] also used several aliases.

Id. at ¶ 3. The undersigned found "by clear and convincing evidence, there [we]re no conditions or combinations of conditions which will reasonably assure the safety of other persons and the community" due to "the defendant's continued possession of firearms since the age of 17, his multiple firearm offenses, the defendant's numerous probation violations and the fact that the defendant was on parole at the time of the instant offense." Id. at ¶ 4.

On January 4, 2021, the defendant filed the instant motion. See Amended Motion for Reconsideration of Pretrial Detention Order (DE# 32, 1/4/21) (hereinafter "Motion"). The government filed its response in opposition on January 6, 2021. See The United States of America's Response in Opposition to Defendant's Amended Motion to Reconsider Order of Detention (DE# 35, 1/6/21) (hereinafter "Response"). The defendant filed his reply on January 12, 2021. See Defendant's Reply to Government's Response in Opposition to Motion to Reconsider Pretrial Detention Order (DE# 37, 1/12/21) (hereinafter "Reply").

This matter is ripe for adjudication.

2

## ANALYSIS

The defendant "is seeking revocation of the pretrial detention order and requesting that the Court impose a $50,000 ten-percent bond and a $100,000 personal surety bond to be co-signed by his mother . . . ." Reply at 2.

In his Reply, the defendant clarifies that he is seeking relief pursuant to 18 U.S.C. § 3145(b). Reply at 1 (stating that "[t]he relief sought is clarified herein and the motion is directed to the court having original jurisdiction, which in the case, is the district court."). Section 3145(b) states as follows:

> **(b) Review of a detention order.**--**If a person is ordered detained by a magistrate judge**, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, **the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order**. The motion shall be determined promptly.

18 U.S.C. § 3145(b) (emphasis added).

The defendant "was previously infected with the COVID-19 virus while incarcerated and awaiting transport to the Southern District of Florida." Reply at 2. The defendant "proffers that he is at a high risk of being re-infected with the COVID-19 virus as long as he remains" in custody. Motion at ¶ 11. The defendant further states that he has high blood pressure and diabetes and that "[i]ndividuals with diabetes have an increased risk of severe illness or death upon contracting the COVID-19 [virus]." Reply at 2-3.

The government argues that:

> this Court's determination that the Defendant poses a danger to the community warrants considerable weight. The Defendant has twelve (12) prior arrests in ten (10) years. See Pretrial Services Report. He has

3

> served multiple sentences of incarceration (Id.); has been convicted of violent crimes (Id.); and has been arrested on five (5) separate occasions for being a convicted felon in possession of a firearm (Id.).

Response at 8. The government further notes that "BSO and its medical provider have taken significant precautionary measures to prevent the spread of COVID-19 within their facilities and protect its inmate population" and that "[a]s of December 28, 2020, there is not a single inmate at the Joseph V. Conte campus where the Defendant is currently housed, positive for COVID-19." Id. at 7-8 (footnote omitted).

The defendant seeks to minimize his criminal history, noting that:

> the most serious conviction was for criminal attempt to commit an armed robbery and theft. Mr. Philpot proffers that the case involved a dispute with an escort and the state prosecutor dropped the kidnapping charge for which he [was] also arrested. Additionally, Mr. Philpot proffers that he self-surrendered in Georgia once informed of the federal charges filed in the instant case.

Reply at 2.

The undersigned previously found by clear and convincing evidence that there were no conditions or combinations of conditions which would reasonably assure the safety of other persons and the community. Order of Detention (DE# 7 at ¶ 4, 5/1/20). The defendant has failed to show that the Order of Detention (DE# 7, 5/1/20) should be revoked.

The instant Motion does not adequately address the defendant's danger to the community given the undersigned's findings as set forth in the Order of Detention (DE# 7 at ¶ 4, 5/1/20). The defendant is charged in the instant case with possession of a firearm and ammunition by a convicted felon in violation of Title 18, United States Code, Sections 922(g)(1). See Indictment (DE# 3, 3/18/20). The defendant has a history of

4

firearm offenses and the undersigned's determination that "the defendant will likely continue to possess firearms and be a danger to the community if released on bond," Order of Detention (DE# 7 at ¶ 4, 5/1/20), is supported by the record. Additionally, and as noted by the government, numerous courts have continued to hold certain defendants in pretrial detention throughout the COVID-19 pandemic. See Response at 7 n.2.

The Court should affirm the undersigned's finding that the defendant was a danger to the community given the defendant's extensive criminal record including multiple firearm offenses, the defendant's numerous probation violations and the fact that the defendant was on parole at the time of the instant offense. See Order of Detention (DE# 7 at ¶ 4, 5/1/20).

The defendant is not entitled to the relief requested under section 3145(b). There are no additional facts or circumstances which warrant the setting of a bond. Defendant should remain in pretrial detention as originally ordered.

## RECOMMENDATION

In accordance with the foregoing, the undersigned respectfully recommends that the Amended Motion for Reconsideration of Pretrial Detention Order (DE# 32, 1/4/21) be **DENIED**.

The parties will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an

issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C § 636(b)(1); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1191-1192 (11th Cir. 2020); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

    RESPECTFULLY SUBMITTED at the United States Courthouse in Miami, Florida, this **13th** day of January, 2021.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE